PER Curiam.
To an action founded on two writings obligatory, amounting, in the aggregate, to four hundred dollars, the plaintiff in error pleaded specially, in substance as follows: That on the day of the date of the notes, the defendant in error and the plaintiff entered into an agreement in writing, under seal, by which, after reciting that the defendant in error had sold to the plaintiff in error a lot of land in Aberdeen, taking *565 therefor the notes sued on, it was agreed between the parties, that if the plaintiif in error should fail to pay the notes, at maturity, he should pay to the defendant in error rent, for the time he should be in possession of the lot, at the rate of fifty dollars a year, and that he should also pay interest on the notes, from the time they should become due, at the rate of eight per cent, per annum; and also that the vendor should pay for any improvements, which the vend'ee might put on the lot, the value to be settled by arbitrators, in case the vendor should be compelled to take it back. The plea concludes, by averring a failure to pay the notes at maturity. The plaintiif below demurred, and the court sustained the demurrer, and gave a final judgment, and the question is, whether the demurrer was correctly sustained.
, The plea is not good, unless the agreement is to be construed as operating so exclusively in favor of the plaintiif in error, as to leave it entirely discretionary with him, to aifirm or dis-affirm the contract. That such is its legal effect, or that it is expressive of any such intention, is a position entirely unwarranted. It is quite apparent, on the contrary, that the vendor looked to his own security. Ifamounts to nothing more than an agreement to convey, on payment of the purchase-money. The single question is, did the vendee agree to purchase, and the vendor agree to sell? Is it a contract binding on both parties ? It surely could not be pretended, that the vendee could not have coerced a specific performance, on payment of the purchase-money; and if that be true, then the vendor is entitled to his remedy at law; for all such contracts must have mutuality. The agreement is, in substance, that if the vendee should fail to pay the purchase-money, then the contract of sale should be void. A stipulation in a contract, that in case the vendor cannot convey, or if the purchaser shall fail to pay on the appointed day, then the contract shall be void, does not enable either party to vacate the agreement, by failing to perform his part of it. Sugden on Vendors, 44. In such cases, the purchaser may avoid the contract, if the seller do not make a title, and the seller may avoid it, if the purchaser do not pay the *566 money; but the purchaser cannot say, “I will not pay,” and thereby avoid the contract. The default of one party confers on the other the right to rescind. Sugden on Yendors, 261. The reservation of rent did not change the contract into a loan; it was still a contract of sale. Ibid. 260. The agreement to pay interest, evidently looked to a confirmation of the contract, and not to a rescission; but if it were even a penalty, the plaintiff in error could not get rid of the contract, by paying the penalty. Ibid. 259. The demurrer, then, was properly sustained.
But on sustaining the demurrer to the plea, the court erred in giving final judgment for the plaintiff; the judgment should have been respondeat ouster, (PI. & PI. Dig. 615, sec. 8,) and for this error the judgment must be reversed, and the cause remanded.